# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6994 | **DATE** | May 16, 2012 |
| **CASE TITLE** | US ex rel. Galvez vs. Hardy | | |

**DOCKET ENTRY TEXT**

Galvez's motion (Doc [29]) for leave to appeal *in forma pauperis* is granted, and his motion (Doc [30]) for an extension of time is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

# ORDER

This matter comes before the court on Petitioner Omar Galvez's ("Galvez") motions to appeal *in forma pauperis* and for an extension of time to present evidence in support of that motion. For the following reasons, Galvez's motion to appeal *in forma pauperis* is granted, and his motion for an extension of time is denied as moot.

On October 10, 2011, Galvez filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254. On February 22, 2012, we denied Galvez's petition and declined to issue a certificate of appealability. Galvez now seeks permission to appeal that decision *in forma pauperis*, without prepayment of fees or submission of a bond.

A litigant may pursue an appeal *in forma pauperis* if he is unable to pay the costs of commencing the appeal. 28 U.S.C. § 1915(a). However, permission to appeal *in forma pauperis* will be denied if the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. §1915(a)(3). "Good faith" in this context means that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Galvez, having been convicted of first degree murder, is currently incarcerated at Stateville Correctional Center in Joliet, Illinois. Galvez's motion to proceed *in forma pauperis* included an Inmate Transaction Statement detailing the activity in Galvez's trust account for the past six months. Presumably unaware that he had included this financial statement, Galvez subsequently filed a motion for an extension of time to gather this identical information. Because Galvez has already submitted the information he seeks to obtain through his motion for an extension of time, Galvez's motion for an extension of time is denied as moot.

| ORDER |
|---|

     Galvez has made a sufficient showing of indigence, and the Court finds that he is unable to pay the appellate filing and docketing fees. We therefore turn our attention to whether there is a good faith basis for his appeal.

     In his habeas petition, Galvez argued that the state appellate court erred in denying him the opportunity to file a *pro se* supplemental brief while he was represented by counsel and that his trial counsel was ineffective for failing to call three potential alibi witnesses. As a preliminary matter, Galvez has not identified the issues he intends to present on appeal in his motion to proceed *in forma pauperis* as required by Fed. R. App. P. 24(a)(1). However, the Court takes notice of a separate document Galvez filed with the Seventh Circuit Court of Appeals identifying the issues he wishes to raise on appeal. These issues are the same as those presented to this Court in Galvez's habeas petition. Although the Court denied Galvez's habeas petition and declined to issue him a certificate of appealability, the standard for a certificate of appealability is more demanding than the standard for whether an appeal is taken in good faith. *Walker*, 216 F.3d at 631-32. Based on the record, the Court cannot say that Galvez's appeal is not taken in good faith. Accordingly, Galvez's motion to appeal *in forma pauperis* is granted and his motion for an extension of time is denied as moot.

Date:  May 16, 2012

                                                              **CHARLES P. KOCORAS**
                                                              **U.S. District Judge**